IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**ROBERT MARTIN BARRITT,**

    **Plaintiff,**

v.                                    **CIVIL ACTION NO. 1:07cv107**
                                    **(Judge Keeley)**

**BOB NEY, Ex-Congressman,**

    **Defendant.**

## REPORT AND RECOMMENDATION

On August 9, 2007, the *pro se* plaintiff initiated this case by filing a civil rights complaint against Bob Ney. On August 10, 2007, the plaintiff was granted leave to proceed *in forma pauperis*. Subsequently, the plaintiff filed numerous motions directed to Judge Keeley. On July 25, 2008, Judge Keeley ruled on these motions. The matter is now before the undersigned for Report and Recommendation.

### I. HISTORICAL BACKGROUND

**A. State Proceedings**

A review of the records of this Court[1] establishes that the plaintiff was convicted by a jury in the Circuit Court of Ohio County, West Virginia of first degree murder without a recommendation of mercy in the death of Arthur Osterman, M.D., a seventy year old Wheeling psychiatrist. By order entered August 15, 1981, the plaintiff was sentenced to life in the penitentiary without possibility of parole. On March 12, 1982, the plaintiff, by counsel, appealed his conviction to the West Virginia Supreme Court of Appeals. The appeal was refused on May 13, 1982. The plaintiff them filed a *pro*

---

[1] See 5:01cv30 for exhibits detailing the plaintiff's criminal proceedings and post conviction remedies.

*se* petition for writ of habeas corpus ad subjiciendum in the Circuit Court of Ohio County on December 14, 1981. This petition was denied on March 15, 1982. The petitioner did not appeal this decision. The plaintiff filed a second *pro se* petition for habeas corpus relief in the Circuit Court of Ohio County on January 7, 1992. The petition was denied on May 12, 1999, and the plaintiff's motion for reconsideration was refused by the circuit court on May 28, 1999. The plaintiff appealed to the West Virginia Supreme Court of Appeals, which refused the appeal on January 31, 2000.

**B. Federal Proceedings**

On June 24, 1982, the plaintiff filed his first federal petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 in the United States District Court for the Northern District of West Virginia. After the respondents filed a motion to dismiss the petition for failure to exhaust state remedies, the plaintiff voluntarily moved to dismiss, and the petition was dismissed without prejudice.

On December 16, 1982, the plaintiff filed a second application for habeas corpus relief with this court. The plaintiff alleged the same grounds as those raised in his first petition. On March 10, 1983, the Honorable Robert E. Maxwell dismissed the petition without prejudice because the petition was not signed.

On March 28, 1983, the plaintiff filed his third federal petition under 28 U.S.C. § 2254 with this court. This petition alleged thirty separate grounds for relief:

1. Denial of right to fair and impartial judge because the trial judge (a) determined that the jury should be sequestered, and (b) sequestered the jury in a hotel owned by a corporation in which the judge sat on the board of directors.

2. Trial judge was also the judicial officer who signed the arrest warrant; therefore, he had "prejudiced" the case.

3. Defense counsel was ineffective in his representation and that he had a conflict of interest and "conspiratorial motives."

4. Jury was improperly empaneled.

2

5. Denial of right to a fair and impartial jury.

6. Prisoner was a victim of "sensational, prejudicial pretrial media publicity and Unethical trial coverage."

7. The trial judge, defense counsel and prosecutor conspired to violate his rights by using experimental procedures.

8. The grand jury was nor fair and impartial; and the methods employed in the presentation of the case to the grand jury were not fair.

9. State magistrate who presided over the "preindictment proceedings" was prejudiced against him.

10. Denial of bail.

11. Denial of speedy trial.

12. Numerous meetings were had by attorney Camilletti, prosecutor Thompson and Judge Recht. without the plaintiff's presence.

13. "Falsified: evidence including fingerprints, photographs, FBI correspondence and "Other items" were "utilized by the court."

14. State granted immunity to co-defendant.

15. Defense counsel refused to subpoena witnesses.

16. Denial of the "right to credible witnesses."

17. Co-defendant was granted immunity, his testimony was perjured, and the prosecution knew that the testimony was perjured.

18. Prisoner was denied a copy of the transcript of certain pretrial hearings despite his demand for the same and other transcripts "appeared" to have been tempered with.

19. Jury was "manipulated" by its sequestration and the place of sequestration.

20. Certain witnesses necessary to establish the chain of evidence were not called.

21. Trial judge's explanation of the differences between the degrees of murder and his explanation of parole eligibility was contrary to a recent state court decision.

22. Judge and others stated their belief in Wilma Barritt's testimony, which included testimony that the plaintiff is a member of the Nazi party and the Ku Klux Klan.

23. His conviction was not supported by sufficient evidence.

24. Special prosecutor was appointed without assignment of any reason therefor, and the special prosecutor engaged in various improprieties.

25. Special prosecutors Thomson and Gallagher made unfair inaccurate statements.

26. "Tampering" with a search warrant.

27. Unfairness in his state habeas corpus proceeding filed in the Circuit Court of Ohio County.

28. Justice Thomas B. Miller of the West Virginia Supreme Court of Appeals deprived him of a fair and impartial appeal.

29. Improper "investigative techniques" were utilized in connection with his case.

30. Attorney Fitzsimmons did not effectively represent him on appeal.

After the respondent acknowledged that the plaintiff had exhausted his state remedies, United States Magistrate Judge David Core directed the plaintiff to amend his petition by providing further information to support a number of the allegations. The plaintiff filed his amended petition on June 8, 1983. By order entered September 3, 1983, Magistrate Judge Core directed the respondent to answer fifteen of the plaintiff's grounds for relief, finding that the other fifteen grounds merited dismissal at the appropriate time. The respondent's answer was filed on October 17, 1983. On December 20, 1985, Magistrate Judge David Core filed Proposed Findings of Fact and Recommendation for Disposition, in which he recommended denial of habeas corpus relief on all grounds. After reviewing the plaintiff's objections, Judge Maxwell accepted the Magistrate's recommendation and denied the petition on the merits. The plaintiff appealed this decision to the Fourth Circuit Court of Appeals, which denied a certificate of probable cause and dismissed the appeal by unpublished opinion filed October 2, 1986. Barritt v. Bordenkircher, 802 F.2d 451 (4th Cir. 1986). The plaintiff's request for rehearing was denied on November 4, 1986. The United States Supreme Court denied the plaintiff's Petition for Writ of

Certiorari on February 23, 1987, Barritt v. Bordenkircher, 479 U.S. 1095 (1987), and his petition for rehearing on April 20, 1987. Barritt v. Bordenkircher, 481 U.S. 1025 (1987).

The plaintiff filed his fourth federal petition under 28 U.S.C. § 2254 on May 15, 2000[2]. In the petition he listed thirty one separate grounds for relief, including the thirty he had raised in his third petition. Ground thirty one, the only new ground, was his allegation of "conspiracy and collusion, misfeasance, malfeasance and obstruction of justice in deliberate violation plaintiff's civil rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, as a result of systematic denial of due process and equal protection."(5:01cv30, Doc. 43, p. 43). On March 8, 2002, a Report and Recommendation was entered by the undersigned, recommending that the petition be denied. The recommendation was based on the finding that the petition constituted a second or successive petition[3], a failure to assert a new ground for relief which constituted an abuse of the writ, and the petition was barred by the period of limitations. Following a review of the objections filed by the plaintiff, the Honorable Frederick P. Stamp affirmed and adopted the report and recommendation and dismissed the case. The Fourth Circuit dismissed the plaintiff's appeal on February 10, 2003 and the United States Supreme Court denied the plaintiff's Petition for Writ of Certiorari.

## II. THE COMPLAINT

In his complaint, the plaintiff alleges that "the violation of his civil and constitutional rights by

---

[2]The plaintiff filed in the United States District Court for the Southern District of West Virginia and attached a Motion to Prohibit Transfer of Action to Northern District. As support for his motion, the plaintiff alleged "that virtually all USDC officials for the Northern District of WV are either named or cited in his submissions which support this case is state courts [sic] as having been criminally involved in the illegal acts he alleges, or have a demonstrable conflict of interest in this case." (5:01cv30, Doc. 43, p.17).

[3]After the plaintiff initiated the case, he filed a motion with the Fourth Circuit Court of Appeals for authorization to file a successive application for relief. The motion was denied on September 6, 2002. (5:01cv30, Doc. 27).

5

defendant Ex-Congressman Bob Ney in his personal capacity, in violation of the due process and equal protection clauses of the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution; 18 U.S.C. § 96 Racketeer and Corrupt Organizations (criminal) and Racketeer Influenced and Corrupt Organizations (civil) RICO act; 18 U.S.C. § 19 Conspiracy; 18 U.S.C. § 73 Obstruction of Justice; and collusion to commit these illegal violations of petitioner's civil rights and the Constitution. The plaintiff then sets forth in thirteen pages of single-spaced typing a convoluted recitation which he appears to maintain resulted in his murder conviction and life sentence without possibility of parole. Within those pages, the plaintiff refers to the Abramoff conspiracy, and infers that Ney publicly sanctioned a "hit" on a Florida shipping magnate to aid Abramoff. (Doc. 1, p. 4). The plaintiff also alleges that the defendant conspired with Italia Federici, Heather Trent, certain FBI agents and others to obstruct justice and keep the plaintiff's allegations of judicial and other misconduct from coming to light. (Doc. 1, p. 5). The plaintiff then goes on to name the attorneys who prosecuted him, a Fourth Circuit Judge, a District Court Judge, a West Virginia Supreme Court Justice, the West Virginia Supreme Court, two writ clerks for the West Virginia Supreme Court, four Circuit Judges, his defense counsel, the West Virginia State Police, a former Hancock County prosecutor, various banks, businesses, alleged mobs and mob affiliates, and a multitude of other individuals and/or groups as part of a grand conspiracy to deprive him of his constitutional rights. In his "demand for relief" the plaintiff seeks a jury trial during which he will produce witnesses, testimony, and evidence to prove that the defendant committed the crimes alleged in the complaint. He also demands full compensatory and punitive damages for the gross multiple violations of his Constitutional rights to be determined by a jury and paid by the defendant. He also asks that the court order investigations into civil and criminal sanctions of Ney and "everyone else culpable, and that the court order produced DEA, RICO, and any other documents applicable including the FBI secret files, USN/NIS el al., and also direct those organizations to

investigate Ney, Rect., Boury, and each individual in this case linked to drug traffic or other crimes.

### III. ANALYSIS

Pursuant to the Prison Litigation and Reform Act (PLRA), the Court is required to dismiss a case at any time if the Court determines that the allegation of poverty is untrue, or the action is frivolous, malicious, fails to state claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(A) and 28 U.S.C. 1915(e)(2)(B)(I)-(iii). For the reasons set forth below, this case is due to be dismissed.

In his complaint, as outlined above, the plaintiff alleges a fantastical and elaborate conspiracy to establish that the defendant in this case conspired to deprive him of various constitutional rights and violated various criminal statutes in an overall scheme to wrongfully convict him of murder. As noted, the plaintiff alleges that the defendant conspired with or used his political influence on federal agencies, a multitude of federal and state judicial officers and employees, a host of lawyers, and alleged mob organizations and members in his quest to have the defendant convicted. Many of the allegations were raised at least tangentially in his previously filed and dismissed petitions for habeas corpus relief under 28 U.S.C. § 2254.

Of the factual claims that are a basis for frivolity dismissal under § 1915, "are claims describing fantastic or delusional scenarios with which federal district judges are all too familiar." Neitzke v. Williams, 490 U.S. 319, 328 (1989). The instant claims are clearly classified as such, and the plaintiff should not be allowed to waste additional judicial time and resources in a vain attempt to make sense of such outlandish claims.

### IV. RECOMMENDATION

In consideration of the foregoing, it is the undersigned's recommendation that:

(1) the plaintiff's complaint be **Dismissed with Prejudice** pursuant to 28 U.S.C. § 1915(e), and

that this dismissal count as a strike against the defendant as contemplated by the Prison Litigation Reform Act.

Within ten (10) days after being served with a copy of this Report and Recommendation, the plaintiff may file with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Court. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as shown on the docket.

DATED: March 19, 2009

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE