**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**ROBERT MARTIN BARRITT,**

      **Plaintiff,**

**v.**                           **CIVIL ACTION NO. 1:07cv107**
                                          **(Judge Keeley)**

**BOB NEY, Ex-Congressman,**

      **Defendant.**

### ORDER ADOPTING REPORT AND RECOMMENDATION
### AND DISMISSING CASE WITH PREJUDICE

On August 9, 2007, Robert Martin Barritt ("Barritt") filed this civil rights action pursuant to 42 U.S.C. § 1983. The Court referred the matter to United States Magistrate Judge James E. Seibert on July 25, 2008 for an initial screening and a report and recommendation pursuant to LR PL 83.02. On March 19, 2009, Magistrate Judge Seibert issued a Report and Recommendation ("R&R"), in which he recommended that the Court dismiss Barritt's petition with prejudice, and also that this dismissal count as a strike against Barritt as contemplated by the Prison Litigation Reform Act, 42 U.S.C.A. 1997 *et* <u>novo</u> review, the Court **ADOPTS-IN-PART** Magistrate Judge Seibert's R&R and **DISMISSES** Barritt's petition **WITH PREJUDICE.**

### I. Background

On July 2, 1981, a jury sitting in the Circuit Court of Ohio County, West Virginia convicted Barritt of first degree murder for

**ORDER ADOPTING REPORT AND RECOMMENDATION
AND DISMISSING CASE WITH PREJUDICE**

the death of Arthur Osterman, M.D., without a recommendation for mercy.  The Circuit Court then sentenced Barritt to life in the penitentiary without the possibility of parole.  On March 12, 1982, Barritt appealed his conviction to the West Virginia Supreme Court of Appeals, which denied the appeal on May 13, 1982.

Between December 14, 1981 and May 28, 1999, Barritt filed two pro se petitions for habeas corpus relief in the Circuit Court of Ohio County, both of which were denied.  Barritt then appealed his second petition to the West Virginia Supreme Court of Appeals, which refused to hear his appeal on January 31, 2000.

At the same time that he was pursuing relief in state court, Barritt also was filing federal petitions.  Between June 24, 1982 and March 10, 1983, he filed two federal petitions for habeas relief pursuant to 28 U.S.C. § 2254 in this District.  Both petitions were dismissed without prejudice, the first for failure to exhaust state remedies and the second because the document was not signed.

Barritt then filed his third § 2254 petition on March 28, 1983, alleging thirty (30) separate grounds for relief.  On December 20, 1985, Magistrate Judge Core issued an R&R recommending denial of the habeas relief sought by Barritt.  After reviewing Barritt's objections, United States District Court Judge Robert

**ORDER ADOPTING REPORT AND RECOMMENDATION
AND DISMISSING CASE WITH PREJUDICE**

Maxwell adopted Magistrate Judge Core's recommendations and denied Barritt's petition on all grounds.

Barritt then filed a fourth § 2254 petition on May 15, 2000, which listed thirty one (31) grounds for relief, including the thirty previously raised in his third petition. The thirty-first ground was an allegation of "conspiracy and collusion, misfeasance, malfeasance and obstruction of justice in deliberate violation of plaintiff's civil rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, as a result of systematic denial of due process and equal protection." See dkt. no. 22, p. 5. On March 8, 2002, Magistrate Judge Seibert issued an R&R recommending that Barritt's petition be denied. Following a review of the R&R, United States District Court Judge Frederick P. Stamp adopted the R&R and dismissed the case.

## II. Complaint

On August 9, 2007, Barritt filed this civil rights action pursuant to 28 U.S.C. § 1983 against Ex-Congressman Bob Ney ("Ney"), alleging "violation of his civil and constitutional rights by defendant Ex-Congressman Bob Ney in his personal capacity, in violation of the due process and equal protection clauses of the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution; 18 U.S.C. § 96 Racketeer and Corrupt Organizations

**ORDER ADOPTING REPORT AND RECOMMENDATION
AND DISMISSING CASE WITH PREJUDICE**

(criminal) and Racketeer Influenced and Corrupt Organizations (civil) RICO act; 18 U.S.C. § 19 Conspiracy; 18 U.S.C. § 73 Obstruction of Justice; and collusion to commit these illegal violations of petitioner's civil rights and the Constitution." Dkt. no. 1, p. 3. In fifteen pages, Barritt recounts his theory of a grand conspiracy involving many governmental, political and judicial figures, that ultimately lead to his first degree murder conviction and sentence of life without the possibility of parole. Pursuant to this theory, Barritt refers to the "Ambramoff conspiracy," and alleges that Ney ordered a "hit" on a Florida shipping magnate to aid Jack Abramoff. Dkt. no. 1, p. 4. Barritt also claims that Ney conspired with Italia Federici, Heather Trent, certain FBI agents, and others to obstruct justice and to keep Barritt's allegations of judicial and other misconduct from becoming known. Dkt. no. 1, p. 5. Barritt then names a large assembly of people, including his attorneys, West Virginia judges and justices, policemen, banks, businesses, alleged mobs, and many others as parties in a grand conspiracy to deprive him of his constitutional rights.

Barritt seeks a jury trial where he may produce witnesses, testimony and other evidence proving that Ney committed the crimes alleged in the complaint. He demands full compensatory and

ORDER ADOPTING REPORT AND RECOMMENDATION
AND DISMISSING CASE WITH PREJUDICE

punitive damages for the multiple violations of his constitutional rights to be paid by Ney and determined by a jury. Barritt also seeks an order authorizing investigations into civil and criminal sanctions of Ney and "everyone else culpable, and that the court order produced [sic] DEA, RICO, and any other documents applicable including the FBI secret files, USN/NIS et al, and also direct those organizations to investigate Ney, Rect, Boury and each individual in this case linked to drug traffic or other crimes." Dkt. no. 1, p. 16.

### III. Magistrate Judge Seibert's R&R

In his R&R, Magistrate Judge Seibert concluded that Barritt's complaint is frivolous and recommended that it be dismissed with prejudice. He noted that, under the Prison Litigation and Reform Act ("PLRA"), the Court must dismiss a case at any time if it determines the action is frivolous. 28 U.S.C. § 1915(e)(2). The R&R states that Barritt's complaint sets forth a "fantastical and elaborate" conspiracy led by Ney to deprive Barritt of his constitutional rights and to wrongfully convict him of murder. The complaint also claims that Ney exercised his political influence over a host of governmental and political actors in his quest to have Barritt convicted. As noted earlier, the R&R also recommends

5

## ORDER ADOPTING REPORT AND RECOMMENDATION
## AND DISMISSING CASE WITH PREJUDICE

that dismissal of Barritt's § 1983 action count as a strike against Barritt as contemplated by the Prison Litigation Reform Act.

### IV. Barritt's Objections to the R&R

Barritt generally objects to the R&R because it was unsigned, improperly served, and was received by Barritt without a signature, filing stamp, or any type of indication that it was a legal document. Barritt also objects to each part of Magistrate Judge Seibert's findings. Under the "Historical Background" section, Barritt corrects the age of the murder victim and also the date on which he was sentenced, and claims that Magistrate Judge Seibert either had someone else write the R&R for him or violated his sworn oath and did not perform his duties carefully. Barritt claims that Magistrate Judge Seibert is trying to turn his civil rights action into a habeas issue to try to mislead the court. He also emphasizes that Magistrate Judge Seibert admits that Barritt has never received an evidentiary hearing on his claims, nor been given allegedly crucial evidence of a missing May 28, 1981 pretrial evidentiary hearing transcript which Barritt has sought for twenty years.

Under the "Complaint" section, Barritt objects to the fact that Magistrate Judge Seibert mentions "certain people" but never mentions their names in an effort to protect them because they were

**ORDER ADOPTING REPORT AND RECOMMENDATION**
**AND DISMISSING CASE WITH PREJUDICE**

Magistrate Judge Seibert's friends and also allies of Ney and the
conspiracy. Barritt also objects to the fact that Magistrate Judge
Seibert has never mentioned any facts to dispute his allegations;
he claims that this is proof that the Court should not violate his
right to due process and should proceed with the action.

Barritt objects to the "Analysis" section, contending that
Magistrate Judge Seibert ignored the fact that Ney pleaded guilty
to conspiracy charges which, according to Barritt, proves not only
that an ongoing conspiracy occurred, but also that Ney's alleged
RICO violations were in the nature of a private vendetta against
Barritt. He also objects to Magistrate Judge Seibert's reliance on
Neitzke v. Willians, 490 U.S. 319 (1989), claiming that Neitzke
does not apply here because he can prove governmental conspiracy.
Moreover, Barritt objects to the fact that Magistrate Judge Seibert
did not do any investigation into the existence of secret FBI files
on Barritt. He asserts that the Court has a duty to accept his
claims as true because of the admission of criminal activity by Ney
and also because, under the rules of civil procedure and evidence,
the Court has to accept the case, even if it "believes" that he
cannot prevail at trial.

Finally, under the "Recommendations" section, in addition to
repeating many of his previous objections, Barritt claims that

### ORDER ADOPTING REPORT AND RECOMMENDATION
### AND DISMISSING CASE WITH PREJUDICE

Magistrate Judge Seibert is attempting to falsely record this action[1] and is attempting to obstruct justice by turning this tort case into a habeas corpus petition in order to confuse the Court, protect his friends and gain favor with his supervisors.

Barritt not only seeks to set aside the R&R, but also moves the Court to replace Magistrate Judge Seibert with a fair, unbiased magistrate.

### V. DE NOVO REVIEW

Under 28 U.S.C. § 1915, a complaint filed by a prisoner must be reviewed to determine whether it is frivolous; pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss a case at any time if the Court determines that the complaint is frivolous.[2]  In Neitzke v. Williams, the United States Supreme Court held that a complaint is "frivolous" under 28 U.S.C. § 1915 if it is without arguable merit either in law or fact.  Id. at 325.  Moreover, in Neitzke, the Court concluded that the in forma pauperis statute "accords judges not only the authority to dismiss a claim based on an indisputably

---

[1] Barritt alleges that false recording occurred with his initial documents as well.

[2] Although Barritt objects to Magistrate Judge Seibert "turning this petition into a habeas corpus petition," 28 U.S.C. § 1915 applies to all civil actions brought by someone bringing their case in forma pauperis and, on August 10, 2007, the Court granted Barritt's application to proceed in forma pauperis (dkt. no. 7).

ORDER ADOPTING REPORT AND RECOMMENDATION
AND DISMISSING CASE WITH PREJUDICE

meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." <u>Id.</u> at 327. Claims that are clearly baseless are claims that describe fantastic or delusional scenarios. <u>Id.</u> at 328.

As the words "fantastic" or "delusional" suggest, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." <u>Denton v. Hernandez</u>, 504 U.S. 25, 33 (1992). In <u>Denton</u>, the Court found that the plaintiff's claims of five different sexual assaults, read together, were "wholly fanciful" because in each case, the actions were the same but the defendants were different, and the actions occurred at different institutions, sporadically, over a three year period. 504 U.S. at 29.

Barritt's claims in this case also are wholly incredible and fanciful. He claims that Ney, using his political influence, convinced a large list of people and organizations to conspire against Barritt, to convict him of first degree murder with a sentence of life without the possibility of parole, and to deprive him of his constitutional rights. The list of people and organizations who allegedly are parties to the conspiracy includes

## ORDER ADOPTING REPORT AND RECOMMENDATION
## AND DISMISSING CASE WITH PREJUDICE

Bob Ney, Italia Federici, Heather Trent, certain FBI officers, the attorneys who prosecuted him, a Fourth Circuit Judge, a District Court Judge, a West Virginia Supreme Court Justice, the West Virginia Supreme Court, two writ clerks for the West Virginia Supreme Court, four United States Court of Appeals Judges, his defense counsel, the West Virginia State Police, a former Hancock County prosecutor, various banks, businesses, alleged mobs and mob affiliates, and a multitude of other individuals and groups. See dkt. no. 22, p. 6.

It is delusional and "wholly fanciful" for Barritt to believe that this entire group of people conspired to convict him of murder. Also, as time has passed, the list of different conspirators against Barritt has grown and the breadth of the conspiracy has extended as his various petitions have been denied at different levels of the state and federal judicial system.

Finally, although Barritt stresses the fact that Ex-Congressman Ney has pleaded guilty to a conspiracy, he does not relate that prior conspiracy to his allegations. Ney's conviction, therefore, does not support Barritt's allegations, nor does it provide credibility to his fanciful suit. Because Barritt's claims are without arguable merit and because they are "wholly fanciful"

**ORDER ADOPTING REPORT AND RECOMMENDATION**
**AND DISMISSING CASE WITH PREJUDICE**

and delusional, pursuant to 28 U.S.C. § 1915A(b) his complaint must be dismissed as frivolous.

Although Magistrate Judge Seibert recommends that the Court count this action as a strike against Barritt pursuant to 28 U.S.C. 1915(g), determination of Barritt's number of strikes is not appropriate in this case. Should Barritt file a subsequent § 1983 claim, it will be addressed by the court reviewing that subsequent action. <u>See</u> <u>Deleon v. Doe</u>, 361 F.3d 93, 95 (2nd Cir. 2004)("District courts should not issue strikes one by one, in their orders of judgment, as they dispose of suits that may ultimately-upon determination at the appropriate time-qualify as strikes under the terms of § 1915(g).").

### VI. Conclusion

For the reasons stated above, the Court **ADOPTS** the Magistrate Judge's R&R (dkt. no. 22), **DENIES AS MOOT** Barritt's Motion to Replace Magistrate Judge Seibert (dkt. no. 24, p. 8), **DISMISSES WITH PREJUDICE** Barritt's complaint (dkt. no. 1), and **STRIKES** the case from its docket.

It is so **ORDERED**.

Pursuant to Fed.R.Civ.P. 58, the Court directs the Clerk of Court to enter a separate judgment order, to transmit copies of

## ORDER ADOPTING REPORT AND RECOMMENDATION
## AND DISMISSING CASE WITH PREJUDICE

this Order to counsel of record and to mail a copy of this Order to

the pro se plaintiff, Robert Barritt, by certified mail, return

receipt requested.

DATED: June 19, 2009.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE